IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN D. DANIELS,

           Plaintiff,

v.                                   CIVIL ACTION NO. 2:18-cv-00276

AMERICAN WATER WORKS
SERVICE COMPANY, INC., et al.,

           Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff, John Daniels' Motion to Remand [ECF No. 12]. The motion is ripe for adjudication. For the reasons stated herein, the court **GRANTS in part** and **DENIES in part** the Motion to Remand [ECF No. 12].

I.     Background

The plaintiff, John Daniels, commenced this action by filing a four-count complaint in the Circuit Court of Kanawha County, West Virginia. Compl. [ECF No. 1-2]. The plaintiff's four-count Complaint arises out of the alleged wrongful termination of his employment. Specifically, the Complaint alleges three counts of West Virginia Human Rights Act violations and one count of retaliatory discharge in violation of substantial West Virginia public policies. *Id.* The retaliatory discharge count, which is at issue here, states

1

> Defendants' acts and/or omissions constitute unlawful discriminatory practices, which violated substantial public policies of the State of West Virginia as set forth in W. Va. Code § 21-3-1; the *Family and Medical Leave Act*, 29 U.S.C. § 2601, et seq., including but not limited to §§ 2615; and the Occupational Safety and Health Act, 29 U.S.C. § 651, including but not limited to § 654. Accordingly, Defendants' actions constitute retaliatory/wrongful discharge in violation of substantial public policy pursuant to Harless v. First Nat'l Bank, 246 S.E.2d 270 (1978)."

*Id.* at 9.

The defendants, American Water Works Company, Inc. and American Water Works Service Company, Inc. removed the action to federal court, with co-defendant Jason Kessler's consent. *See* Not. Removal [ECF No. 1]; Not. Consent Removal [ECF No. 2]. The defendants based their removal on the contention that the "plaintiff alleges violations of the FMLA." Not. Removal 6. The plaintiff moved to remand the case, arguing that the cause of action alleged is not one under the FMLA but one under state common law, as articulated in *Harless*. *See* Pl.'s Mem. Law Supp. Mot. Remand 3 [ECF No. 13].

## II. Standard of Review

An action may be removed from a state court to a federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action arises under federal law "only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see*

2

*Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996) ("[Courts] ordinarily . . . look no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.") This rule provides two distinct pathways into federal court. Either (1) federal law creates the cause of action, *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 27 (1983)), or (2) the plaintiff's claim raises "a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. Inc. v. Darue*, 545 U.S. 308, 314 (2005).

When a case is removed to federal court, the removing party bears the burden of establishing the federal court's jurisdiction over the matter. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921); *Strawn et al. v. AT&T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, the federal court must remand the case. *Id.*

III. Discussion

    a. Remand

The defendants assert that the plaintiff's complaint "alleges violations of the FMLA." Not. Removal 3. Specifically, the defendants state that "[i]n his Complaint at Count IV, or his retaliatory discharge in violation of public policy claim, Plaintiff alleges Defendants violated two federal statutes: the Family and Medical Leave Act

3

. . . and the Occupational Safety and Health Act. . . ." Resp. Opp. To Pl.'s Mot. Remand 1–2 [ECF No. 16]. Despite the defendants' contentions, the plaintiff does not allege FMLA or OSHA violations. Instead, the plaintiff alleges a claim for retaliatory discharge in violation of a substantial West Virginia public policy. Under West Virginia law, an at-will employee can bring such a claim (a "*Harless* claim") when the employer's motivation for termination contravenes a "substantial public policy principal." *Harless v. First Nat'l Bank in Fairmont*, 289 S.E.2d 692 (W. Va. 1982). To state a *Harless* claim, the plaintiff must prove four elements, the first of which is relevant to this analysis: "(1) That a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element)." *Herbert J. Thomas Mem'l Hosp. Assoc. v. Nutter*, 238 W. Va. 375, 386 (2016).

Thus, in alleging a *Harless* claim, the plaintiff is required to state a clear manifestation of the public policy that was allegedly violated. There is no indication, other than mere reference to the FMLA and OSHA, that the plaintiff intended to pursue any federal claims. The "well-pleaded complaint rule is designed to protect the plaintiff from a defendant reading a cause of action into a complaint when none is stated. . . . The rule is designed to allow the plaintiff the right to choose the forum." *Spaulding v. Mingo Cty. Bd. of Educ.*, 897 F. Supp. 284, 287 (S.D. W. Va. 1995); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The rule makes the plaintiff

4

the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). The court will not infer a federal claim where none was alleged.

The cause of action at issue is a state public policy claim. It merely references federal law as a source of that public policy. *If* the court is ultimately faced with any question of federal law, the question will be only incidental to the fact-based resolution of the dispute and will be of no importance to the federal system as a whole. *See McVeigh*, 547 U.S. at 701 (stating that federal jurisdiction is favored for cases presenting "pure issue[s] of law" and disfavored for cases that are "fact-bound and situation-specific"); *see also Gunn v. Minton*, 568 U.S. 251, 260 (2013). "[I]t is the role of the West Virginia courts to determine whether [the claim] falls within the contours of a clearly recognizable public policy in the State of West Virginia." *Davis v. Cabella's Inc.*, No. 5:07-cv-88, 2008 WL 183717, at *1 (N.D. W. Va. Jan. 18, 2008)). Therefore, the exercise of removal jurisdiction in this case is improper.

### b. Payment of Fees and Costs

The plaintiff also seeks an award for attorney's fees and costs incurred as a result of the defendant's removal of this matter. The plaintiff argues that such an award is justified because the defendants lacked a reasonably objective bases for the removal. 28 U.S.C. § 1447(c) states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The award of such costs and fees is discretionary. If an

objectively reasonable basis existed for the defendant's removal, such costs and fees should be denied. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The court has reviewed all documents regarding the filing, removal, and requested remand of this case. The court finds that the motion for costs and fees should be denied.

## IV. Conclusion

For the foregoing reasons, the court **GRANTS** the plaintiff's Motion to Remand [ECF No. 12] to the extent it requests remand to the Circuit Court of Kanawha County, West Virginia. The court **DENIES** the plaintiff's Motion to Remand [ECF No. 12] to the extent it requests fees and costs associated with the remand. It is **ORDERED** that this action be **REMANDED** to the Circuit Court of Kanawha County, West Virginia. The court **ORDERS** that this action be **DISMISSED** and **STRICKEN** from the docket of the court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 16, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE